By the Court.
The signing of a deed is now the material part of the execution; the seal has -become a mere form, and a written or ink seal, as it is called, is good. (b) Any deed under seal, when proved, is proper to be given in evidence (Ford v. Ld. Gray), 6 Mod. 45. (c) And, we are of opinion, that a deed, the execution of which is sworn to by one witness be- *62 fare a magistrate, who certifies the same, is within the rule. Besides, the last act of assembly certainly allows the proof of one witness to be sufficient.(a)

 s. p. Long v. Ramsay, 1 S. & R., 72.

 In Shrider v. Nargan, post, p. 68, the court again adopted this broad principle, C. J. McKean saying, “we cannot hinder the reading of a deed under seal, but what use will be made of it is another thing.” And in Bioren’s Lessee v. Keep, 1 Yeates 442, the same doctrine prevailed, against the opinion of Smith, J. These decisions, however, have been disproved of in subsequent cases. In Faulkner v. Eddy, 1 Binn. 190, C. J. Tilghman, referring to McDill v. McDill, said, “ It has been generally conceived, that in that case the law was carried too far.” And on the question immediately before him, he remarked, “ the case (Faulkner v. Eddy) stands nakedly as of one who, having no kind of title, makes a deed convoying his right to another. It has been the practice at Nisi Prius to reject the deed in such cases ; and I see no reason why it should be altered.” So, in Peters v. Condron, 2 S. & R. 82, it was observed by the same learned judge, “ This decision (McDill v. McDill) has been considered a slip in the hurry of business, for if it were law, the administration of justice might be obstructed at the pleasure of any party, by reading papers no way pertinent to the cause.” And in the recent case of Hoak v. Long, 10 S. & R. 1, it was declared to be a well-established rule, that a deed is not evidence, without some proof of title in the grantor.

 s. p. Hamilton v. Galloway, post, p. 93.